IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

---

**UNITED STATES OF AMERICA,**

         **Plaintiff,**

**vs.**

**MICHAEL LEE WIGHT,**

         **Defendant.**

**MEMORANDUM DECISION AND ORDER**

**Case No.   2:09-CR-930-DAK**

**Judge Dale A. Kimball**

---

    This matter is before the court on Defendant Michael Lee Wight's Motion to Reconsider the court's September 12, 2016, Order Striking Mr. Wight's Motion to Vacate his criminal case as wholly without merit and frivolous. Mr. Wight filed his Motion to Reconsider on February 2, 2017. In his motion, Mr. Wight argues that the court's order has "no force or effect of law" because "[t]he court has no jurisdiction or authority except that mandate by the U.S. Supreme Court ruling in" *Elonis v. United States*, 135 S. Ct. 2001 (2015). Therefore, Mr. Wight argues that his "conviction must be vacated now." Def.'s Mot. For Recons., at 1, ECF No. 214.

    On April 27, 2010, Mr. Wight pleaded guilty to transmitting "in interstate or foreign commerce a communication containing a threat to injure a person" in violation of 18 U.S.C. § 875(c). Statement by Def. in Advance of Plea of Guilty, at 1, EC F No. 41. In his statement in advance of plea of guilty, Mr. Wight also specifically pleaded guilty to having acted knowingly in violating the federal statute. Based on his plea of guilty, Mr. Wight was sentenced to custody for

1

time served and to a term of supervised release of 24 months. Mr. Wight completed his supervised release in April 2012.

Even though Mr. Wight's criminal case has been closed since April 28, 2010, and even though Mr. Wight has completed his term of supervised release, Mr. Wight argues that his conviction must be vacated and declared void *nunc pro tunc* based on the holding of the United States Supreme Court in *Elonis v. United States*, 135 S. Ct. 2001 (2015).

In *Elonis v. United States*, the defendant, Anthony Douglas Elonis, was charged with threatening his former co-workers, his soon-to-be ex-wife, local elementary schools, and law enforcement officers, including a specific FBI agent, through posts on Facebook. 135 S. Ct. at 2005-2007. A jury convicted Mr. Elonis on four of the five counts under a standard that only required the jury to find that a reasonable person would consider the defendant's expressions to be threatening. *Id.* at 2007. The Court of Appeals for the Third Circuit upheld that standard. *Id.* But the Supreme Court reversed the judgment and remanded the decision back to the Third Circuit. *Id.* at 2013. According to the Supreme Court, a defendant can only be convicted for transmitting threats in interstate commerce under the statute if the government proves that the defendant know that "the communication contains a threat." *Id.* at 2011. The Supreme Court further clarified that this "mental state requirement" would be "satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Id.* at 2012. On remand, the Third Circuit upheld Mr. Elonis's conviction because it concluded "beyond a reasonable doubt that Elonis would have been convicted if the jury had been properly instructed." *United States v. Elonis*, 841 F.3d 589, 601 (3d Cir. 2016).

After reviewing the Supreme Court's decision in *Elonis*, the court concludes that the decision does not apply to Mr. Wight's situation and does not require the court to vacate Mr. Wight's conviction. The Supreme Court's decision in *Elonis* clarifies that a defendant can only be convicted of transmitting threats in interstate commerce under 18 U.S.C. § 875(c) if the defendant intended to issue a threat or knew that the communication would be viewed as a threat. In this case, Mr. Wight pleaded that he "knowingly" violated 18 U.S.C. § 875(c). Therefore, his conviction was proper even under the standard set out in *Elonis*.

In his argument that his conviction should be vacated, Mr. Wight attempts to distinguish his single count of threats in interstate commerce from Mr. Elonis's multiple counts and the lack of warning he received from the multiple warnings that Mr. Elonis received. All of these arguments ignore the real issue, which is whether Mr. Wight knew that he was transmitting threats in interstate commerce. These arguments also ignore the fact that Mr. Elonis's conviction was ultimately upheld by the Third Circuit.

For the foregoing reasons, IT IS HEREBY ORDERED that Mr. Wight's Motion to Reconsider is DENIED because, contrary to his arguments, the Supreme Court's decision in *Elonis* does not mandate the vacating of his conviction.

DATED this 6th day of February, 2017.

BY THE COURT:

DALE A. KIMBALL
United States District Judge